# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Randy Eberhardt, | Case No.: 2:24-cv-00901-APG-BNW |
| Petitioner | **Order Dismissing Petition Without Prejudice as Unexhausted and Denying IFP Application as Moot** |
| v. | |
| Kevin McMahill, | [ECF Nos. 1, 1-1] |
| Respondents | |

Petitioner Randy Eberhardt, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus (ECF No. 1-1) as well as an application for leave to proceed *in forma pauperis* (IFP (ECF No. 1)). On initial review under the Habeas Rules,[1] I dismiss the petition without prejudice as wholly unexhausted, deny the IFP application as moot, and direct the Clerk of the Court to close this case.

## Background

Eberhardt challenges a 2024 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Eberhardt*, Case No. C-22-369592-1. The state court entered a judgment of conviction for three counts of battery with substantial bodily harm and sentenced Eberhardt to a term of one to five years.

Eberhardt indicates that he has not exhausted his petition. ECF No. 1-1 at 1. He has not filed a direct appeal of his conviction and has not filed a state habeas petition for postconviction relief. *Id*. Eberhardt filed a federal habeas petition in this court that was dismissed as unexhausted and because his petition improperly requested federal judicial intervention in a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

pending state criminal proceeding. *See Eberhardt v. Clark County Detention Center*, Case No. 2:23-cv-2076-GMN-EJY.

## Discussion

### I. IFP Application

As an initial matter, I note that Eberhardt has filed an incomplete IFP application. ECF No. 1. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Here, Eberhardt has not submitted a certified copy of his inmate trust account statement for the six-month period preceding this habeas action. Although he may qualify for IFP status, I am unable to make such determination without all of the correct documents. Because I dismiss his petition without prejudice as unexhausted, I deny his IFP application as moot.

### II. Exhaustion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

AEDPA requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

"A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Eberhardt has not properly and fully exhausted his state court remedies because he has not presented the claims alleged in his federal habeas petition through one complete round of either direct appeal or collateral proceedings to the Nevada appellate court. Eberhardt may file a new federal habeas petition—in a new case case—upon exhaustion of his state court remedies. Dismissal of this action as unexhausted without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice. I dismiss Eberhardt's petition without prejudice as unexhausted.

## Conclusion

I THEREFORE ORDER:

1. Petitioner Randy Eberhardt's application for leave to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

2. The petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice as unexhausted.

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.

4. The Clerk of the Court is directed to enter judgment accordingly and close this case.

5. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED this 11th day of June, 2024.

                                                          ANDREW P. GORDON
                                                          UNITED STATES DISTRICT JUDGE